Michele R. Stafford, Esq. (172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900 – Phone
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and MARIAN BOURBOULIS, TRUSTEES; <br><br> DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSON and JOHN MAGGIORE, TRUSTEES; <br><br> DISTRICT COUNCIL 16 NORTHERN CALIFORNIA APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; CHRIS CHRISTOPHERSON and MARION BOURBOULIS, TRUSTEES; <br><br> I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; ITS JOINT BOARD OF TRUSTEES; and KENNETH RIGMAIDEN as Trustee; <br><br> and DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES; <br><br>    Plaintiffs, <br><br>    v. <br><br> ELADIO R. GUTIERREZ and DOES 1-10, inclusive; <br><br>    Defendants. | Case No.: C 13-1840 WHA <br><br> **NOTICE AND ACKNOWLEDGMENT; and** <br><br> **JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON** |

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C 13-1840 WHA**

P:\CLIENTS\PATCL\Eladio R. Gutierrez 2\Pleadings\Compaint\Ntc Ack and Judgment Pursuant to Stipulation 042613.docx

1. IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant ELADIO R. GUTIERREZ ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. ELADIO R. GUTIERREZ acknowledges receipt of the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Standing Order for Magistrate Judge Maria-Elena James; Discovery Standing Order for Magistrate Judge Maria-Elena James; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United State Magistrate Judge for Trial; Consent to Proceed Before a United States Magistrate Judge (blank form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (blank form); Plaintiff's signed Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; ECF Registration Information Handout; Welcome to the U.S. District Court – San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16.

3. ELADIO R. GUTIERREZ specifically consents to the Court's jurisdiction for all proceedings herein.

/ / /

/ / /

/ / /

/ / /

4. Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---:|---:|
| July 2012 | Contributions | $12,265.44 | |
| | 20% Liquidated Damages | $2,453.09 | |
| | 5% Interest (through 4/23/13) | $394.85 | |
| | | | $15,113.37 |
| August 2012 | Contributions | $23,322.58 | |
| | 20% Liquidated Damages | $4,664.52 | |
| | 5% Interest (through 4/23/13) | $654.95 | |
| | | | $28,642.05 |
| September 2012 | Contributions | $17,592.34 | |
| | 20% Liquidated Damages | $3,518.47 | |
| | 5% Interest (through 4/23/13) | $419.32. | |
| | | | $21,530.13 |
| October 2012 | Contributions | $14,357.18 | |
| | 20% Liquidated Damages | $2,871.44 | |
| | 5% Interest (through 4/23/13) | $283.21 | |
| | | | $17,511.83 |
| December 2012 | Contributions | $14,970.28 | |
| | 20% Liquidated Damages | $2,994.06 | |
| | 5% Interest (through 4/23/13) | $168.16 | |
| | | | $18,132.50 |
| | | **SUB-TOTAL:** | **$103,047.85** |
| **10% Liquidated Damages on prior late-paid Contributions (3/12-6/12)** | | | **$2,117.98** |
| **Attorneys' Fees (through 4/23/13)** | | | **$1,437.00** |
| **Cost of Suit** | | | **$350.00** |
| | | **TOTAL:** | **$106,952.83** |

5. Defendant shall *conditionally* pay the amount of **$88,333.29,** representing the balance of the above amounts, less liquidated damages in the amount of **$18,619.54**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation*, as follows:

(a) Beginning on **May 1, 2013**, and on or before the 1st day of each month thereafter for a period of twenty four (24) months through and including April 1, 2015, Defendant shall timely pay to Plaintiffs the amount of **$3,875.00** per month;

(b) Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Any and all joint checks received for amounts owed under the Stipulation will be applied to reduce the balance due. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

P:\CLIENTS\PATCL\Eladio R. Gutierrez 2\Pleadings\Compaint\Ntc Ack and Judgment Pursuant to Stipulation 042613.docx

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from April 24, 2013, at the rate of 5% per annum in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust Agreements;

(d) Checks shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***" and delivered on or before each due date to <u>Shivani Nanda, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

(e) Prior to the last conditional payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the conditional balance due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation, and for all status letters and releases or other responses requested by or on behalf of Defendant. Defendant shall pay all additional attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the April 2015 stipulated payment;

(f) At the time that Defendant makes its 23rd conditional payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with its 23rd payment. Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current; and

(g) Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶11 shall apply.

6. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default ***within seven (7) days of the date of the notice from***

*Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

7. Beginning with contributions due for hours worked by Defendant's employees during the month of April 2013, due on May 15, 2013 and delinquent if not received by the Trust Funds before the last business day of the month, and for every month thereafter until this Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreements and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, *to Shivani Nanda at 415-882-9287*, at the same time as sending the payment to the Trust Fund office.

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

8. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs, provided as **Exhibit A** and attached hereto, including but not limited to the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said reports *will be faxed to Shivani Nanda* concurrently with its submission to the General Contractor, Owner or other reporting agency.

These requirements are concurrent with, and in addition to, the requirements set forth above. Defendant shall fax said updated list each month together with the contribution report on or before the last business day of each month (as required by ¶7 of this Stipulation) *to Shivani Nanda at 415-882-9287*.

9. Failure to comply with <u>any</u> of the above terms shall constitute a default of the

obligations under this Stipulation and the provisions of ¶11 shall apply.  Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

      10.      **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

      (a)      In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

      (b)      Defendant will be provided ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Shivani Nanda, made payable to "***District Council 16 Health and Welfare Trust Fund***";

      (c)      If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due;

      (d)      If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

      (e)      If Defendant is unable to make payment in full, Defendant may submit a

written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein; and

(f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs' demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

11. In the event that Defendant fails to make any payment required under ¶5 above, or otherwise defaults on the obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a) The entire balance of **$106,952.83**, as specified in ¶4, plus interest, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendant without further notice to Defendant, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default;

(c) Defendant waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.

(d) Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection, allocation or verification of the amounts owed by Defendant to Plaintiffs under this Stipulation, whether or not a default occurs herein, including but

not limited to fees incurred for issuance of status letters, releases or other documents requested by or for Defendant.

12. Any failure on the part of Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant of any provisions herein.

13. In the event of the filing of a bankruptcy petition by Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filings are anticipated.

14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreements, and applicable laws and regulations.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by email or facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. Defendant represents and warrants that he has had the opportunity to be or has been represented by counsel of his own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that he has read this Stipulation with care and is fully aware of and represents that he enters into this Stipulation voluntarily.

19. ~~The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.~~

Dated: April 30, 2013         **ELADIO R. GUTIERREZ**

By: _____/S/_____
Eladio R. Gutierrez

Dated: April 30, 2013         **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/S/_____
Shivani Nanda
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, ~~and that the Court shall retain jurisdiction over this matter.~~ The clerk shall CLOSE the file.

Dated: __May 14__, 2013         _____
William Alsup
United States District Judge

*IT IS SO ORDERED AS MODIFIED*
/s/ Judge William Alsup

-9-
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: C 13-1840 WHA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION CERTIFICATE

In accord with the Northern District of California's General Order No. 45, Section X(B), I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: May 3, 2013

**OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
SHIVANI NANDA
Attorneys for Plaintiffs

## *EXHIBIT A*

## JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Shivani Nanda, Esq., at (415) 882-9287 on the 1st day of each month \*\*\***

**Employer Name: ELADIO R. GUTIERREZ (Painters)**

**Report for the month of** _____ **Submitted by:** _____

*Please spell out the names of projects, owners and general contractors.*

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*\*\*\* Attach additional sheets as necessary \*\*\**

-11-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C 13-1840 WHA**